UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID BRIAN HENSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-414-WCL-SLC |
| J. ULRICK, et al., | |
| Defendants. | |

OPINION AND ORDER

David Brian Henson, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983 (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Henson complains about events occurring at the DeKalb County Jail in September and October 2021 while he was a pretrial detainee.[1] He claims that he suffers from mental health problems and also has a bottom bunk pass because he has a seizure disorder. In early September 2021, he was placed in a cell with inmate Kamron Brown, who "thought he should have the bottom bunk." He claims that a nurse at the jail, April Wills, gave inmate Brown confidential information about Mr. Henson's mental health problems, which Mr. Brown used to falsely claim that Mr. Henson was hearing voices and needed to be put on suicide watch. As a result of this accusation, Mr. Henson was placed on suicide watch overnight in a different cell and had "all privileges taken away." While there, he claims he had a seizure because of the stress caused by the move. The following day, he was cleared to return to general population. He claims he told Corporal D. LaRowe and Sergeant J. Ulrick that he had problems with inmate Brown, but they nevertheless put him back in the same cell. When he returned, inmate Brown allegedly told him to "get out of the cell" and kicked him repeatedly.

Mr. Henson further claims that Corporal LaRowe has deliberately put him at risk on other occasions. On a date in early October 2021, the corporal was passing out mail and loudly stated that Mr. Henson seemed to be writing to a lot of different people. Mr. Henson understood Corporal LaRowe to be insinuating that he was a "snitch," and he believes other inmates within earshot took his comment that way too. On October 18,

---

[1] Public court records reflect that Mr. Henson was convicted of robbery on October 22, 2021. *See State v. Henson*, 17D02-2004-F5-000033 (DeKalb Sup. Ct. filed April 20, 2020). It appears he is due to be transferred to Indiana Department of Correction imminently to serve his sentence.

2021, Corporal LaRowe was escorting Mr. Henson back from video court proceedings, when he allegedly asked him, "How do you feel testifying against your co-defendant?" He made this statement in a voice loud enough for multiple other inmates on the block to hear. Mr. Henson does not provide a lot of detail, but he alleges that he was assaulted by other inmates after Corporal LaRowe made these statements.

It can be discerned from the complaint that Mr. Henson was subsequently placed in protective custody. He claims he did not want to be placed there and only had to be moved because of Corporal LaRowe's actions. He claims he has complained about these incidents to Lieutenant J. Carpenter and Jail Commander J. Hicks, but they have done nothing to address it, such as firing or disciplining Corporal LaRowe.

Because Mr. Henson was a pretrial detainee when these events occurred, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54.

Here, Mr. Henson plausibly alleges that Corporal LaRowe acted in an objectively unreasonable fashion, knowingly placing him in a cell with inmate Brown even though Mr. Henson expressed concerns for his safety, and purposely making comments within earshot of other inmates that effectively labeled Mr. Henson as a snitch. Mr. Henson claims that as a result of these actions he was kicked by inmate Brown, assaulted by other inmates, and ultimately had to be placed in protective custody. He likewise

3

alleges that he told Sergeant Ulrich he was at risk of harm if put back in the cell with inmate Brown, but the sergeant allegedly did nothing and instead had him put back in the cell. Thereafter, inmate Brown kicked him repeatedly. He also plausibly alleges that Nurse Wills acted in an objectively unreasonable fashion by purposely disclosing sensitive information about his mental health problems to another inmate, which the inmate then used to harass him. Giving him the inferences to which he is entitled at this stage, he has plausibly alleged a Fourteenth Amendment claim against these defendants.

He names a number of other individuals in the complaint, specifically "Officer Mark," "Mental Health Lady Mary, "Officer Christian," "Officer Xayachack," and "Officer Jay." However, he alleges only that he told them about the assaults he had suffered and they in turn "reported it to their bosses." He has not plausibly alleged that these defendants acted in an objectively unreasonable fashion by reporting his concerns to their superiors. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and these defendants cannot be held liable for the failings of other jail staff. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

Similarly, Jail Commander Hicks and Lieutenant Carpenter cannot be held liable simply because they hold supervisory positions at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The fact that Mr. Henson wrote to them after these events to complain about what had occurred also does not establish a basis for imposing personal liability on them. *Burks*, 555 F.3d at 596. To the extent Mr. Henson is claiming that these defendants mishandled his grievances, this does not state an independent constitutional

4

claim. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). Furthermore, it can be discerned from the complaint that recent efforts were made to protect him by placing him in protective custody, presumably as a result of his letters and/or grievances. Although this is apparently not what he wanted, he has not plausibly alleged that the Jail Commander, or others acting at his behest, engaged in objectively unreasonable conduct by placing him in protective custody to avoid further assaults. He has not alleged a plausible constitutional claim against these high-ranking officials.

Finally, he claims that the jail matron, M. Cserep, violated his right of access to the courts by refusing to give him a copy of his inmate trust ledgers to include with his motion to proceed in forma pauperis filed in this case. However, the court is granting him leave to proceed in forma pauperis in a separate order notwithstanding the lack of ledgers. The initial partial filing fee is being waived, and there is no plausible basis in the complaint to infer that the jail matron's actions, though perhaps unprofessional, prejudiced his ability to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). She will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant J. Ulrick, Corporal D. LaRowe, and Nurse April Wills in their personal capacity for money damages for placing him at risk of harm from other inmates in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES J. Hicks, J. Carpenter, Mark, Mary, Xayachack, and M. Cserep as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant J. Ulrick and Corporal D. LaRowe at the Dekalb County Jail and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse April Wills at Quality Correctional Care and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Dekalb County Sheriff's Office and Quality Correctional Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Sergeant J. Ulrick, Corporal D. LaRowe, and Nurse April Wills to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 10, 2021.

 s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT